Order Form (01/2005)

# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 5400 | **DATE** | 6/8/2011 |
| **CASE TITLE** | LESLIE V. MATLAW v. LISA MADIGAN, Attorney General of the State of Illinois, et al. | | |

**DOCKET ENTRY TEXT:**

The Court GRANTS Defendants' motion to dismiss [12] with prejudice. The case is closed. All pending dates and motions are terminated as moot.

■[ For further details see text below.]   Docketing to mail notice and AO-450 form.

## STATEMENT

Plaintiff Leslie Matlaw, an attorney, brings this lawsuit *pro se*, alleging employment discrimination on the basis of age by the Illinois Attorney General's Office (AGO), in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.* Her claims arise from the AGO's denial of her application for employment as an attorney with the office's Civil Rights Bureau. Matlaw claims she was qualified for the position and denied because she is over 40 years old. Defendants move to dismiss her suit for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Motions to dismiss test the sufficiency, not the merits, of the case. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a Rule 12(b)(6) motion to dismiss under federal notice pleading, a claimant must "provide the grounds of his entitlement to relief" by alleging "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007) (internal quotation marks, brackets, and citation omitted). Specific facts are not necessary. *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007). The Court treats well-pleaded allegations as true, and draws all reasonable inferences in the claimant's favor. *Disability Rights Wisc.*, 522 F.3d at 799.

Matlaw makes very few allegations in support of her complaint. She alleges that her application was denied, despite her qualifications, while the listing was still open. She alleges that the AGO publically posted the position again after denying her the job. She also alleges that Defendant Stropus, the AGO's Director of Attorney Recruitment, "went out of her way to encourage [Matlaw's] application upon seeing only the even-numbered pages of [her] seven page resumé [sic] detailing [her] experience & subject-matter expertise for the

Page 1 of 2

job," but then "rejected [Matlaw] upon receipt of pages detailing that [she had] practiced for nearly 20 years." Matlaw also attaches a number of emails between herself and the AGO and copies of the online job posting. The first email indicates that Stropus initially rejected Matlaw's résumé because it was sent electronically and notified Matlaw that it was also missing the first page. Later emails indicate that when denying Matlaw the job, the AGO stated, "While we were impressed with your qualifications, after careful consideration we have decided to pursue other options for the position."

Defendants attach Matlaw's résumé to their motion to dismiss and argue that, given the contents of the résumé, Matlaw's claim must fail as a matter of law. "Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993). Here, because Matlaw's claim seems to hinge in large part on the idea that the AGO rejected her application after learning of her age when it received her entire résumé, the Court considers her résumé to be central to her claim. In her response, Matlaw does not challenge the authenticity of Defendants' exhibit.

Defendants note that the sixth page of Matlaw's résumé, which was undisputedly in Stropus's possession, indicates that Matlaw had been employed as an attorney for almost twenty years. Thus, Matlaw's age was not revealed to Stropus or the AGO for the first time when she sent in her full résumé later. Defendants argue that this undermines the main theory of Matlaw's complaint.

Matlaw counters by noting that it was unlikely that Stropus actually reviewed her incomplete résumé closely, especially since Stropus's email indicates that she did not even notice that pages 3, 5, and 7 were also missing. This may be true, but it does not help Matlaw's case. This means that while Defendants may have first become aware of Matlaw's age when Matlaw resubmitted her complete résumé, they also became aware of every other aspect of her résumé at the same time. Thus, Matlaw's new theory eliminates any reasonable inference that the AGO denied her application only when it learned of her age. There is nothing about Matlaw's rejection that suggests that it was based on her age rather than anything else in her résumé. Matlaw must do more than allege that she was turned down for a job and that she is over forty. She must allege sufficient facts to make it plausible, not just conceivable, that the two are causally related. *See* 29 U.S.C. § 623(b) (prohibiting discrimination "because of [an] individual's age"); *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974 (plaintiffs' allegations must "nudge[ ] their claims across the line from conceivable to plausible").

Matlaw attempts to remedy the complaint's deficiencies by stating additional facts in her response in support of her claim. She argues that when the AGO re-posted the position online, they made use of websites that appeal specifically to recent law-school graduates. Not only is this claim belied by the posting attached to Matlaw's complaint, which appeared on the AGO's own website, but it does not bring sufficient plausibility to her claims of age discrimination. The fact that the AGO may have advertised its position, among other places, on websites that might be targeted to younger applicants, is not enough to bring Matlaw's claims above a speculative level.

Nor can she save her claims from dismissal by suggesting that they are deficient because the complaint "is a handwritten fill-in form which was filed by a non-attorney runner when Plaintiff herself was out of town." While the Court is obligated to liberally construe a *pro se* litigant's pleadings, Matlaw makes it a point throughout her complaint, including in the caption, to note that she is an "experienced civil rights attorney." Thus, the Court will not excuse her inadequate pleadings simply because she apparently decided to delegate her responsibility to draft those pleadings to a "non-attorney runner."

*[signature]*